DAVID A. YUDELSON (SBN 325316)
dyudelson@constangy.com
**CONSTANGY, BROOKS,**
**SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel: (310) 909-7775
Fax: (424) 909-7775

Attorneys for Defendant
WAL-MART ASSOCIATES INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE MARTINEZ GUTIERREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART ASSOCIATES, INC., a California corporation; and DOES 1 through 30, inclusive,<br><br>Defendants. | CASE NO:<br><br>**NOTICE OF REMOVAL BY DEFENDANT WAL-MART ASSOCIATES, INC.**<br><br>Action Filed: January 19, 2023<br>Date of Removal:  March 6, 2023 |

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF RENE MARTINEZ GUTIERREZ:**

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Associates, Inc., ("Walmart") hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is based upon the following:

**GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.     PROCEDURAL AND VENUE MATTERS**

1.     On January 19, 2023, initiated this action by filing a Complaint in the Superior Court of California, County of Orange, entitled "*Rene Martinez Gutierrez v. Wal-Mart Associates, Inc.*," Case No. 30-2023-01303184-CU-WT-NJC ("State Court Action"). Declaration of David A. Yudelson (Yudelson Decl.), Ex. A.

2.     On February 2, 2023, Mr. Martinez served Walmart, by delivering to its agent for service of process, a copy of the Complaint and Summons previously filed in the State Court Action. Yudelson Decl. ¶¶ 2–3

3.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed less than one year from the commencement of this action and within 30 days after any defendant was served with a copy of the Complaint and corresponding summons.

4.     Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process,

1

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

pleadings, and orders served upon Walmart and/or filed in this action, is attached to the Yudelson Decl. as Exs. A–G.

5.     Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Walmart and/or filed in this action.

6.     Orange County, California, is located within the U.S. District Court for the Central District of California.  Venue is proper in this Court because the Central District of California is "the district and division embracing the place where such action is pending."  28 U.S.C. §§ 1441(a) and 1446(a).

7.     Walmart will, pursuant to 28 U.S.C. 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the Orange County Superior Court and Mr. Martinez.

## II.     NATURE OF THE SUIT

8.     The Complaint filed in the State Court Action alleges the following causes of action: (1) discrimination based on physical disability, (2) failure to accommodate actual or perceived physical disability, (3) failure to engage in good faith interactive process, (4) failure to prevent discriminatory processes, (5) Fair Employing & Housing Act retaliation, (6) failure to provide California Family Rights Act Leave, (7) interference with California Family Rights Act Leave, (8) retaliation for requesting/taking California Family Rights Act Leave, (9) retaliation in violation of Cal. Labor Code § 1102.5, and (10) wrongful termination in violation of public policy.

## III.     DIVERSITY JURISDICTION

9.     A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states."  28 U.S.C. 1332(a).

10.     "[A]ny civil action brought in a State Court of which the district courts

2

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. 1441(a).

11. Therefore, a state court action may be removed if the action (1) is between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Each of these two requirements is met within the instant petition.

12. <u>Plausible allegations</u>. A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. 81, 88, 135 S.Ct. 547, 190 L. Ed. 2d 495 (2014). *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d 1059, 1068 (9th Cir. 2021); *Arias v. Residence Inn by Marriott*, 936 F. 3d 920, 922 (9th Cir. 2019). *See also Carolina Cas. Co. v. Team Equipment Inc.*, 741 F. 3d 1082, 1087-1088 (9th Cir. 2014). As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).

**A.      Requirement No. 1: Mr. Martinez is a Citizen of a Different State than Walmart.**

13. Diversity of citizenship exists here. The Ninth Circuit has stated that the determination of an individual party's domicile may involve an evaluation of several factors, with no single factor controlling, including but not limited to:

current residence, voting registration and practices, location of personal

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration and payment of taxes."

*Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986).

14.     The presence of these factors will support a conclusion of physical presence at a location with an intention to remain there indefinitely. *Lew v. Moss*, 797 F. 2d at 749–50.  Each factor is not required to be present in a particular case to demonstrate domicile. *See, e.g.*, *Lew*, 797 F. 2d at 752. In *Lew*, for example, the presence of several of these factors conclusively established a party's domicile. *Id*.

15.     **Mr. Martinez is a California Domiciliary**.  The place where a person lives is properly taken to be his domicile until facts adduced establish the contrary. *See Dist. of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S. Ct. 303, 309–10 (1941). "Domicile," according to the California Elections Code, is defined as the place where a voter resides, where his habitation is fixed, and where he intends to remain and return to whenever he is absent from it.  Elections Code §§ 321, 349, 2020–24.  Just as in *Lew v. Moss*, 797 F. 2d at 750, the facts presented here demonstrate that Mr. Martinez is domiciled within California.

16.     **Mr. Martinez provided a California address to Walmart as his home) address**. In July 2020, Mr. Martinez provided Walmart with a home (primary) address of 13172 Dunklee Ave., Garden Grove, CA 92840.  Certification of Maria Varela ("Varela Cert.") ¶ 6. For his part, Mr. Martinez has alleged that he is a resident of Orange County, CA. Compl. ¶ 1.

17.     **Walmart continuously employed Mr. Martinez in California**. Walmart's employment records, maintained in the ordinary course of business disclose that Walmart continuously employed Mr. Martinez, at multiple locations in the State of California from May 2012 through January 2021. Varela Cert. ¶ 7. Most

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

recently, Mr. Gutierrez worked as an Assistant Manager at the Sam's Club located at 603 S. Placentia Ave., Fullerton, CA 92831, from October 15, 2016 through the termination of his employment on January 20, 2021. Varela Cert. ¶ 7.

18. **Mr. Martinez paid payroll taxes in California**. By law employees pay a number of taxes and contributions through payroll deductions.  These include, but are not limited to: Federal Income Tax, FICA, State Disability ("SDI") and Personal Income Tax ("PIT").  *See https://edd.ca.gov/siteassets/files/pdf_pub_ctr/de920.pdf.* Consistent with its regular payroll practices and on information and belief, on each pay period during his tenure at its Sam's Club facility in Fullerton, CA, Walmart deducted California payroll taxes consistent with Mr. Martinez's elections on his "California Employment Development Department ("EDD"), Employee Withholding Allowance Certificate," California EDD Form DE 4.

19. **Mr. Martinez sought relief from California state agencies, seeking redress for is claims**.  For example, in connection with this case, Mr. Martinez filed an administrative charge alleging employment discrimination before the California Department of Fair Employment and Housing.  Compl. ¶ 7.

20. Summarizing, Mr. Martinez is a California domiciliary.  He affirmed to his employer that he has a physical address in California. He was continuously employed in California.  He maintains a bank account in California.  He paid payroll taxes in California.  He sought relief from a California state agency. As demonstrated herein these several facts evidence that Mr. Martinez is a California citizen for diversity jurisdiction purposes. *See Lok Lau v. Silva*, No. CIVS042351WBSPANPS, 2005 WL 8176598, at *2 (E.D. Cal. Aug. 31, 2005) ("Domicile and citizenship are synonymous for diversity purpose").

21. **Walmart is not a citizen of the State of California**.  "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of

5
DEFENDANT'S NOTICE OF REMOVAL

9156189v1

business." 28 U.S.C. § 1332(c)(1).

22.   For its part, Walmart is incorporated in the State of Delaware. Yudelson Decl., ¶ 5, Ex. I. Walmart's headquarters and principal place of business are in the State of Arkansas. *Id.*

23.   Accordingly, as a corporation Walmart, based on its filings with the California Secretary of State, is a citizen of the following states: Delaware and Arkansas. For purposes of diversity jurisdiction, Walmart is not a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

24.   Because Mr. Martinez is a citizen of California and Defendant is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

**B.      Requirement No. 2:  The Amount in Controversy Exceeds $75,000**

25.   While Walmart denies any liability to Mr. Martinez whatsoever, Walmart asserts, based on plausible allegations in the Complaint, Mr. Martinez's prayer for relief, and calculations predicated on readily available evidence, the amount in controversy at issue here exceeds $75,000. *See e.g.*, *Academy of Country Music v. Continental Casualty Company*, 991 F.3d at 1068. As conservatively estimated, and as alleged by Mr. Martinez, those potential damages exceed $300,0000.

26.   "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiffs on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does a Defendant need to provide summary judgment-

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

type evidence.  *See Dart Cherokee Basin Operating Co., LLC v. Owens¸* 574 U.S. at 88; *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d at 1068; *Cagle*, 2014 WL 651923, *7.

27.     In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005), the Court determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy.  *Kroske*, 432 F. 3d at 980.  There, the *Kroske* plaintiff claimed an unspecified amount of damages spread over various categories namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Id*.

28.     **Economic Damages**.  Mr. Martinez's Complaint seeks recovery for "lost earnings and other employment benefits" and "lost wages, salary, [and] benefits." Compl. ¶¶ 28, 30, 37, 39, 48, 50, 57, 59, 68, 70, 79, 81, 92, 94, 103, 105, 113, 115, 123, 125.

29.     ***Back Pay/Loss of Past Earnings***.  Mr. Martinez's employment was terminated on January 20, 2021.  Compl. ¶ 9.  At the time of the termination of his employment, Mr. Martinez earned an annual salary of $62,982.66, paid in bi-weekly amounts of $2,422.41.   Varela Cert. ¶ 8.

30.     The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *Fritsch v. Swift Transportation*, 899 F. 3d 785, 791 (9th Cir. 2018). At $2,422.41 per pay period, from the date of separation to the time of removal (approximately 55 pay periods), the estimated amount of back pay is $133,232.55.[1]  Therefore, Mr. Martinez's potential back pay claim alone exceeds the jurisdictional requirement.

---

[1] Mr. Martinez also seeks to recover future wages – as such, his future wages should also be considered by the Court in calculating the amount in controversy.  *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (the plaintiff ... could potentially recover 13 years of lost wages); *see also James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n.1 (E.D. Cal. June 1,

9156189v1

31.     ***Lost Benefits***.   As taught by the *Koske* court, economic damages also include the value of lost benefits.  *See Kroske*, 432 F. 3d at 980.  At this stage of the case, while a calculation of the value of benefits is not currently ascertainable, in addition to offering competitive pay, eligible associates may receive access to healthcare insurance plans, a six (6%) percent 401(k) match, including hourly employees, after one-year's tenure, access to an associate stock purchase plan, participation in a Roth IRA plan, and a ten (10%) percent purchase discount on regularly priced general merchandise, which includes fresh fruits and vegetables. *See* https://corporate.walmart.com/about/working-at-walmart.

32.     ***Emotional Distress***.    Mr. Martinez also alleges emotional distress damages.  Compl. ¶¶ 29, 38, 49, 58, 69, 80, 93, 104, 114, 124.  "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."  *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).   Juries have awarded $50,000 to $55,000 in emotional distress damages in other single employee actions presenting claims for discrimination and harassment based on disability, retaliation, and failure to prevent discrimination and/or retaliation. *See Guzman v. NBA Automotive, Inc. d/b/a Hooman Chevrolet of Culver City*, JVR No. 1909300049, 2019 WL 4745076 (Cal. Super.) (awarding $50,000 in compensatory pain and suffering to employee who was terminated after returning to work from a leave of absence and being unable to return full time due to her medical conditions); *Escoto v. Metric Machining*, JVR No. 1407300036, 2013 WL 9554716 (Cal. Super.) (awarding $55,000 in compensatory pain and suffering to employee who was terminated after advising employer of her fibromyalgia and hypertension diagnoses); *Saldana v. Home View Design*, *Inc.*, JVR No. 810272, 2008 WL 7602715 (Cal. Super.) (awarding $55,000 in pain and suffering

2007).  Although Walmart denies such relief would be appropriate, even one year of front pay would equal an additional $62,982.66.

8

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

to former warehouse worker who was denied accommodations related to lower back injuries and terminated after making complaints of discrimination).

33. **Attorneys' Fees.** Mr. Martinez is also seeking to recover his attorneys' fees and costs. Compl., at Prayer for Relief, ¶ m. It is well-settled that when authorized by statute, attorneys' fees, including future attorneys' fees at stake in the litigation through its conclusion, are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Fritsch v. Swift Transportation*, 889 F. 3d at 794 ("if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation,'" [citation], and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy"). *See also Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by the plaintiff if he were to prevail).

34. While Mr. Martinez's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the amount of attorneys' fees Mr. Martinez could incur in the course of this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1035 (C.D. Cal. 2002). Other trial court decisions reveal estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted). As such, 100 hours is an appropriate and conservative estimate. *Id*.

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

35. Moreover, federal courts in California have held that a reasonable rate for employment cases is $300 per hour. *E.g.*, *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, *12 (C.D. Cal. March 3, 2015) (citations omitted). The total amount of fees (at an hourly rate of $300) is approximately $90,000.00.

36. **Punitive Damages.** Mr. Martinez also seeks to recover punitive damages. Compl. ¶¶ 30, 41, 52, 61, 72, 83, 95, 106, 117, 127.

37. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

38. Walmart denies that Mr. Martinez's claims have any merit. Walmart also denies that Mr. Martinez suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Mr. Martinez's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Mr. Martinez's estimated backpay as of the date of removal ($133,232.55) alone exceeds the $75,000.00 jurisdictional requirement.

39. Mr. Martinez also seeks open-ended relief as "such other and further relief as the court may deem just and proper." Compl., at Prayer for Relief, ¶ n.

10

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

Although uncertain in amount, this additional damage claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932–34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that his case met the amount in controversy requirement even though he pled in the complaint that he did not assert a claim in excess of $75,000).

40.    **Damage Awards in Other Discrimination Claims**.  Additionally, as the Ninth Circuit has instructed, in determining the amount in controversy, a court may also consider damage awards in cases with similar claims. *Kroske*, 432 F. 3d at 980 (district court properly considered jury verdicts in other age discrimination cases in determining that the jurisdictional minimum was satisfied); *Rivera v. Costco Wholesale Corp.*, No. C08-022022CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008) (considering jury verdicts in other cases to establish amount of emotional distress damages in controversy); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (considering jury verdicts in other cases to establish amount of punitive damages at issue).

41.    The following verdicts in other single employee actions presenting claims for discrimination and harassment based on disability, retaliation, and failure to prevent discrimination and/or retaliation.  The result from each is further indicative that this action similarly satisfy the amount-in-controversy requirement.  These verdicts are from recent cases, including, but not limited to, *Guzman*, *supra* 2019 WL 4745076 (awarding verdict of $256,892); *Escoto*, *supra*, 2013 WL 9554716 (awarding verdict of $142,000).  *See* Yudelson Decl., Exs. J–L.

42.    **Requirement 2 - Amount in Controversy - Satisfied**.  At minimum, it is clear that, as of the time of removal (which is not even the end-date for calculating the amount in controversy), more than $75,000 is at issue. Walmart estimates the

11

DEFENDANT'S NOTICE OF REMOVAL

9156189v1

amount in controversy to be at least $133,232.55 in economic and $50,000 emotional distress damages, and $90,000.00 in attorneys' fees.,. *See* Compl., at Prayer for Relief. Thus, both requirements of removal are satisfied by plausible allegations. For these many reasons, this Court has original jurisdiction over the claims asserted by Mr. Martinez in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI.  CONCLUSION

Walmart has indeed demonstrated substantial, objective facts in pleading admissions, publicly available information sources and those of its own records to support the conclusion that diversity jurisdiction exists here. The State Court Action is a case where the amount in controversy exceeds the statutory jurisdictional minimum amount where the amount in controversy is conservatively estimated that if successful, would exceed $75,000. The State Court Action is also a case involving diverse citizens of different states, namely California and Delaware.

WHEREFORE, Walmart prays that the Court remove this civil action to the United States District Court for the Central District of California.

DATED:  March 6, 2023

**CONSTANGY BROOKS,
SMITH & PROPHETE, LLP**

*/s/ David A. Yudelson*
David A. Yudelson
Attorneys for Defendant WAL-MART
ASSOCIATES, INC.

9156189v1